UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMEEL SHABAZZ, ET AL.,

                Plaintiffs,

    — against —

MORGAN FUNDING CORP., ET AL.,

                Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-9-10

07 Civ. 0126 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

    Plaintiffs Jameel Shabazz ("Shabazz") and Alfred Torres ("Torres") bring this action individually and on behalf of all others similarly situated (collectively, "Plaintiffs") against defendants Morgan Funding Corporation, Daniel Mackle, Daniel Louis, and Frank Cardia (collectively, "Defendants") to recover unpaid wages arising out of Defendants' alleged failure to comply with the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. § 34.11-56(a) ("New Jersey Labor Law"), and New York labor law, N.Y. Lab. Law Arts. 9 & 16, N.Y.C.R.R. §§ 138-2.1 et seq.

    Before the Court are four motions brought by plaintiffs and defendants, respectively, in anticipation of the scheduled trial of this matter: (1) Defendants' motion to dismiss the claims of certain individual plaintiffs; (2) Plaintiffs' motion for leave to amend their complaint; (3) Plaintiffs' motion for class certification pursuant to Federal Rule of

Civil Procedure 23 ("Rule 23"); and (4) Defendants' cross-motion for decertification of Plaintiffs' 29 U.S.C. § 216(b) ("§ 216(b)") collective action.

For the reasons discussed below, Defendants' motion to dismiss is GRANTED in part and DENIED in part; Plaintiffs' motion for leave to amend is DENIED; Plaintiffs' motion for class certification is GRANTED; and Defendants' cross-motion for decertification is DENIED.

## I. **MOTION TO DISMISS**

First, by letter dated May 27, 2010, Defendants request leave to file a motion to dismiss six individual plaintiffs from this action: Michael D'Amico ("D'Amico"), Scott McKenzie ("McKenzie"), Christopher Nangano ("Nangano"), Daniel Ribaudo ("Ribaudo"), Joseph Verdicchio ("Verdicchio"), and Mark Andreotti ("Andreotti") (collectively, the "Six Plaintiffs").[1] Defendants argue that five of the Six Plaintiffs failed to appear for their depositions without justification, and that the sixth plaintiff at issue, Andreotti, has submitted a declaration which provides, in essence, that contrary to Plaintiffs' allegations, Defendants did not violate federal or state law.   By letter dated May 31, 2010 ("Plaintiffs'

---

[1] For the purposes of resolving the instant dispute, the Court will treat Defendants' letter as a motion to dismiss the claims brought by the Six Plaintiffs.

Letter"), Plaintiffs oppose only Defendants' motion to dismiss D'Amico and Nangano. Accordingly, Plaintiffs have implicitly agreed to the dismissal of McKenzie, Ribaudo, Verdicchio, and Andreotti from this action.

As to Defendants' motion to dismiss Nangano, the Court finds that Nangano had ample opportunity to appear for his deposition in this matter. Rule 37 of the Federal Rules of Civil Procedure provides that a court may dismiss an action in whole or part where a party fails to appear for its own deposition after being served with proper notice. See Fed. R. Civ. P. 37(b)(2)(A)(v) & (d). By letter dated May 31, 2010, Defendants indicate that Nangano's deposition was originally scheduled for April 28, 2009, but, because Nangano did not appear, was adjourned until August 11, 2009. On August 11, 2009, Nangano requested a second adjournment until August 13, 2009, to which Defendants agreed. Nangano then again failed to appear on August 13, 2009 and Defendants refused to agree to another adjournment. Defendants originally sought to depose each individual plaintiff in this matter, but agreed to Plaintiffs' request that they depose only a representative group of ten plaintiffs. Defendants have submitted to the Court a letter dated May 18, 2009 ("May 18, 2009 Letter"), which identifies Nangano as one of the ten individual

-3-

plaintiffs that Defendants proposed to depose in accordance with Plaintiffs' request.  Defendants assert that Plaintiffs did not object to Nangano's inclusion in the May 18, 2009 Letter, and Plaintiffs do not contest Defendants' representation of these facts.  On the basis of these representations and submissions, the Court finds that Nangano had ample opportunity to be deposed in this matter and thus grants Defendants' motion to dismiss Nangano from this action.

As to D'Amico, the Court finds that his residence in Hawaii excuses his failure to appear at a deposition scheduled in this District.  Plaintiffs assert that D'Amico has resided in Hawaii for the duration of this litigation, and, on this basis, the Court is not persuaded that his failure to appear for deposition warrants his dismissal from this action. Although a mutually agreeable method of taking D'Amico's deposition has not yet been reached, in the event D'Amico affirms his active participation in this litigation through trial, the Court directs Plaintiffs and Defendants to confer and propose to the Court a reasonable method for deposing D'Amico prior to the start of trial on July 6, 2010.

## II. LEAVE TO AMEND

Plaintiffs' Letter seeks leave to amend the complaint in this action to waive liquidated damages as a form of relief

-4-

sought for their claims under the New York Labor Laws.
Federal Rule of Civil Procedure 15(a) states that leave to
amend a complaint "shall be freely given when justice so
requires."   Fed. R. Civ.  P. 15(a).   Nevertheless, "it is
within the sound discretion of the court whether to grant
leave to amend."   John Hancock Mut. Life Ins. Co. v. Amerford
Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994).  Undue delay and
futility of the amendment, among other considerations, are
reasons to deny leave.   See id.  The original complaint in
this action was brought more than three years ago in January
2007, and Plaintiffs were granted leave to amend in February
2008.   The Court thus finds that Plaintiffs have had ample
opportunity to amend their complaint and denies Plaintiffs'
motion for leave to amend.

### III. MOTION FOR CLASS CERTIFICATION

Plaintiffs propose a class of "All individuals employed
or formerly employed by one or more of the Defendants in the
state of New York or New Jersey as loan officers, or other
similarly titled positions, and paid on a commission basis at
any time during the class period" (the "Proposed Class").
(Plaintiffs' Motion for Class Certification Under Fed. R. Civ.
P. 23, dated October 23, 2009, at 1.)  Plaintiffs request that

-5-

the Proposed Class be divided into two sub-classes consisting
of New York and New Jersey employees.

To certify the Proposed Class, Plaintiffs must satisfy
the requirements of Rule 23(a) & (b)(3).  See In re Livent
Noteholders Sec. Litig., 210 F.R.D. 512, 514 (S.D.N.Y. 2002).
To meet Rule 23(a)'s requirements, Plaintiffs must demonstrate
that

> (1) the class is so numerous that joinder of all members
> is impracticable; (2) there are questions of law or fact
> common to the class; (3) the claims or defenses of the
> representative parties are typical of the claims or
> defenses of the class; and (4) the representative parties
> will fairly and adequately protect the interests of the
> class.

Fed. R. Civ. P. 23(a).    Rule 23(b)(3) further requires
Plaintiffs to demonstrate that:

> [Q]uestions of law or fact common to the members of the
> class predominate over any questions affecting only
> individual members, and that a class action is superior
> to other available methods for the fair and efficient
> adjudication of that controversy.

Fed. R. Civ. P. 23(b)(3).

On a motion to certify a class, a court must accept all
allegations in the pleadings as true, but should not determine
or resolve the merits or claims of the case.  See Caridad v.
Metro-North Commuter R.R., 191 F.3d 283, 293 (2d Cir. 1999).
Plaintiff bears the burden of establishing each of the
requirements for class certification.  See, e.g., Velez v.
Majik Cleaning Serv., Inc., No. 03 Civ. 8698, 2005 WL 106895,

at *1 (S.D.N.Y. Jan. 19, 2005). Trial courts are given substantial discretion in determining whether to grant class certification, such latitude reflecting that "the district court is often in the best position to assess the propriety of the class and has the ability, pursuant to Rule 23(c)(4)(B), to alter or modify the class, create subclasses, and decertify the class whenever warranted." Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd., 262 F.3d 134, 139 (2d Cir. 2001). As the Second Circuit stated in Green v. Wolf Corp., "if there is to be an error made, let it be in favor and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of the trial so require." 406 F.2d 291, 298 (2d Cir. 1968) (quoting Esplin v. Hirschi, 402 F.2d 94, 99 (10th Cir. 1968)). In addition, "where a collective action under the FLSA that is based on the same set of facts has been approved, there is an inclination to grant class certification of state labor law claims." Lee v. ABC Carpet & Home, 236 F.R.D. 193, 202-03 (S.D.N.Y. 2006).

    A.   RULE 23(A) REQUIREMENTS

    1.   Numerosity

To meet the requirements of Rule 23(a)(1), the class must be so large that joinder of all members would be

-7-

impracticable.  See In re Drexel Burnham Lambert Group, Inc.,
960 F.2d 285, 290 (2d Cir. 1992).  In this Circuit, numerosity
is presumed at forty putative class members.  See Consolidated
Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir.
1995).

Plaintiffs argue that the numerosity requirement is
satisfied by the 355 identified loan officers to which a
Court-ordered notice of the FLSA collective action in this
case was sent.  Defendants argue that because only a small
fraction -- 79 of 355 -- joined the FLSA collective action,
the Court should  presume that Plaintiffs will be unable to
satisfy the numerosity requirement.  The Court disagrees.
Defendants ask the Court to speculate that a similarly small
fraction of putative class members would join the class
contemplated here.  However, even if the Court were to accept
Defendants' proposition as true, the class would still be
comprised of at least forty employees, and thus numerosity
would be presumed.  The Court further finds that joinder of
the identified group of employees would be impracticable.  The
costs of maintaining separate actions would be prohibitive for
the potential class members, and obtaining individual counsel
may prove difficult because of the relatively small damages.

See Lee, 236 F.R.D. at 203. Accordingly, the Court finds that the numerosity element has been met.

### 2.    Commonality

Rule 23(a)(2) requires a showing that common issues of law or fact affect all class members. Plaintiffs argue that common questions of law and fact exist in this case, asserting that all of Defendants' loan officers performed the same primary job function and were subject to the same unlawful compensation policy. Defendants counter by identifying numerous sub-classes of employees, including retired and terminated employees, that arguably present distinct legal and factual issues. However, the Court finds that, despite any variance in employee conduct or current job status, common questions of law and fact predominate, namely whether Defendants' employees were unlawfully deprived of wages. The Court accepts as true Plaintiffs' allegation that Defendants employed a centrally administered compensation policy and thus finds that the commonality requirement is satisfied.

### 3.    Typicality

Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. Rule 23(a)(3) is satisfied when each class member's claim arises from the same course of events and each class member

-9-

makes similar legal arguments to prove the defendant's liability. See In re Sumitomo Copper Litig., 182 F.R.D. 85, 94 (S.D.N.Y. 1998).

Plaintiffs argue that the typicality requirement is satisfied because the claims of the representative parties, Shabazz and Torres, arise from the same course of events as the putative class members.  Shabazz and Torres claim that they were unlawfully deprived of wages because of Defendants' allegedly unlawful compensation policy.  The Court agrees. Defendants argue that Plaintiffs' claims are unsubstantiated, and allege that several individual Plaintiffs have provided conflicting testimony as to their job function and compensation.  However, as noted above, the Court's task here is not to resolve disputed facts, but rather to accept Plaintiffs' allegations as true for the purpose of determining whether the requirements of Rule 23 have been met.  Because the predominant issue in this action for Shabazz, Torres, and the putative class members is whether Defendants' compensation policy unlawfully deprived them of wages, the Court finds that the typicality requirement has been satisfied.

4.    Adequacy

Rule 23(a)(4) requires that the representative party "fairly and adequately protect[s] the interests of the class."

-10-

Fed. R. Civ. P. 23(a)(4). To meet this requirement, the lead Plaintiffs' counsel must be "qualified, experienced, and generally able to conduct the proposed litigation," and the class representatives must not have interests conflicting with the class. In re Livent, Inc. Noteholders Secs. Litig., 210 F.R.D. 512, 517 (S.D.N.Y. 2002). Both of these requirements are satisfied here.

Plaintiffs argue that Shabazz and Torres are adequate representatives of the Proposed Class as well as the New York and New Jersey sub-classes. Defendants do not dispute the adequacy of Plaintiffs' counsel, but argue that Shabazz and Torres are inadequate representatives because they have not adequately protected their own interests in this litigation, evidenced by their failure to appear for a deposition. However, as noted above, Defendants were asked to identify ten Plaintiffs to depose and did not choose Shabazz or Torres. The Court thus finds this argument unavailing and finds that the adequacy element is satisfied.

5.    Superiority

To meet the requirements of Rule 23(b)(3), a class action must be superior to other available methods for the adjudication of the controversy. In this proceeding, it is evident that a class action is superior to the adjudication of

-11-

dozens, if not hundreds, of separate actions. Defendants contend that the factual variance presented by individual plaintiffs claiming differing amounts in damages renders the class unmanageable. However, the Court is not convinced that any unique manageability problems exist in this proceeding that distinguish the proposed class from any other class action for unpaid wages, or from the collective action conditionally certified in this case. Any class action based on unpaid wages will necessarily involve calculations for determining individual class member damages, and the need for such calculations do not preclude class certification.

Having satisfied all of the requirements of Rule 23, the Court thus certifies Plaintiffs' Proposed Class, along with the proposed sub-classes for the New York and New Jersey plaintiffs.

## IV. CROSS-MOTION TO DECERTIFY PLAINTIFFS' COLLECTIVE ACTION

Defendants cross-move to decertify Plaintiffs' collective action brought under § 216(b) of the FLSA. Approval of a collective action under the FLSA involves a two-step inquiry. First, a court examines whether the proposed class members are similarly situated. If they appear to be, a court conditionally certifies the class. Putative collective action members are noticed about the opportunity to opt in, and the

action proceeds as a representative action through discovery. Second, after discovery is largely complete, and usually precipitated by a motion for decertification by the defendant, the second stage inquiry occurs. At the second stage, a court must once again consider whether, based on the record produced through discovery, the claimants are similarly situated. See Francis v. A&E Stores, Inc., No. 06 Civ. 1638, 2008 WL 4619858, at *2 (S.D.N.Y. Oct. 16, 2008).

By Order dated May 5, 2008, the Honorable Gerard Lynch conditionally certified Plaintiffs' collective action pursuant to § 216(b). Defendants now move to decertify the conditionally certified class, arguing that Plaintiffs present disparate factual circumstances for their claims and that the Court should thus decertify the collective action. For example, as described above, Defendants argue that only certain Plaintiffs were told to work overtime, some individual Plaintiffs retired, and some were terminated. Further, Defendants argue that two individual Plaintiffs, Guy LaMura ("LaMura") and Gary Unger ("Unger"), were managers and thus exempt from the FLSA.

Upon review of the record of this case, the Court finds that Plaintiffs are indeed similarly situated and may proceed to trial as a representative action. To certify a collective

-13-

action under § 216, plaintiffs need only show that their positions were similar, not identical. See Dumitrescu v. Mr. Chow Enterprises, Ltd., No. 07 Civ. 3601, 2008 WL 2600667, at \*5 (S.D.N.Y. June 30, 2008). Although Defendants assert individualized issues that may result in factual disputes at trial, the Court finds that Plaintiffs are similarly situated as to the factual predicates material to this inquiry. Specifically, Plaintiffs were loan officers or similar employees subjected to Defendants' allegedly unlawful compensation policy. As to Unger and LaMura, Defendants have not demonstrated that either was employed in a "bona fide administrative capacity" so as to exempt them from the FLSA. See 29 C.F.R. § 541.200 (defining "employee employed in a bona fide administrative capacity" for the purposes of the FLSA as any employee "[c]ompensated on a salary or fee basis at a rate of not less than \$455 per week"). To the contrary, LaMura and Unger testified that they performed largely the same tasks as the loan officers at issue here, and, like the other Plaintiffs, were not paid a salary. (See Declaration of Lawrence R. Gelber in Opposition to Plaintiffs' Motion for Class Certification Under Rule 23 and in Support of Defendants' Cross-Motion to Decertify Plaintiffs' § 216 Collective Action, dated December 18, 2009, Ex. 3 at 13, 60,

-14-

Ex. 4 at 20-21.) Accordingly, Defendants motion to decertify the collective action is DENIED.

## V.  ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Docket No. 111) of defendants Morgan Funding Corporation, Daniel Mackle, Daniel Louis, and Frank Cardia (collectively, "Defendants") to dismiss certain individual plaintiffs from this action is GRANTED as to plaintiffs Scott McKenzie, Christopher Nangano, Daniel Ribaudo, Joseph Verdicchio, and Mark Andreotti, and DENIED as to Michael D'Amico ("D'Amico"). The parties are to confer and submit their plan for D'Amico's deposition to the Court by June 14, 2010; and it is further

**ORDERED** that the motion (Docket No. 112) for leave to amend the complaint of plaintiffs Jameel Shabazz and Alfred Torres, individually and on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), is DENIED; and it is further

**ORDERED** that the motion (Docket No. 93) of Plaintiffs for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure is GRANTED; and it is finally

**ORDERED** that the motion (Docket No. 100) of Defendants to decertify Plaintiffs' 29 U.S.C. § 216(b) collective action is DENIED.

**SO ORDERED.**

DATED:      New York, New York
            9 June 2010

Victor Marrero
U.S.D.J.